IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOSHUA PAGE,** | ) |
| | ) **Case No. 19 CV 7431** |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **City of Chicago, and Chicago Police Officers Edward Johnson, Star No. 9539, Anthony Bruno, Star No. 12212, J.M. Chesna, Star No. 11881, C. A. Brown, Star No. 14136, T. S. Jones, Star No. 15380, M.A. Padalino, Star No. 15680, K.E. Miles Star No. 16402, R.L. Davis, Star No. 18378, C. Iglesias, Star No. 7859, and J.M. Grubisic, Star No. 8775,** | ) **JUDGE COLEMAN** |
| Defendants. | ) |

### DEFENDANT OFFICERS' JOINT ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AT LAW, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant Officers Edward Johnson, Anthony Bruno, Jamie Chesna, C. A. Brown, T. S. Jones, M. A. Padalino, K. E.Miles, R. L. Davis, C. Iglesias and J. M. Grubisic (collectively, "Defendants"), by one of their attorneys, Laniya Moore, Assistant Corporation Counsel, submit their Answer and Affirmative Defenses to Plaintiff's Complaint, stating as follows:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

**ANSWER**: Defendants admit that Plaintiff has brought this action under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983) and that this Court has jurisdiction; but deny any and all allegations of wrongdoing.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER**: Defendants admit that jurisdiction is proper in this Court but deny any and all allegations of wrongdoing.

## PARTIES

3. At all times herein mentioned, Plaintiff Joshua Page ("Page") was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

4. At all times herein mentioned, Chicago Police Officer Edward Johnson, Star No. 9539, ("Johnson") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

5. At all times herein mentioned, Chicago Police Officer Anthony Bruno, Star No. 12212, ("Bruno") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

6. At all times herein mentioned, Chicago Police Officer J. M. Chesna, Star No. 11881, ("Chesna") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER**: Defendants admit that at all times herein mentioned, Defendant Officer Chesna was employed by the Chicago Police Department as a Chicago Police Officer and that in her capacity as a Chicago Police Officer she acts under color of state law and as an employee, agent or representative of the Chicago Police Department. Answering further, Defendants admit that Defendant Officer Chesna is being sued in her individual capacity. Answering further, Defendants deny Officer Chesna was present or involved in this alleged incident.

7. At all times herein mentioned, Chicago Police Officer C. A. Brown, Star No. 14136,("Brown") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

8. At all times herein mentioned, Chicago Police Officer T. S. Jones, Star No. 15380, ("Jones") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER**:   Defendants admit the allegations contained in this paragraph.

9.   At all times herein mentioned, Chicago Police Officer M. A. Padalino, Star No. 15680, ("Padalino") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

**ANSWER**:   Defendants admit the allegations contained in this paragraph.

10.   At all times herein mentioned, Chicago Police Officer K. E. Miles, Star No. 16402, ("Miles") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

**ANSWER**:   Defendants admit the allegations contained in this paragraph.

11.   At all times herein mentioned, Chicago Police Officer R. L. Davis, Star No. 18378, ("Davis") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

**ANSWER**:   Defendants admit the allegations contained in this paragraph.

12.   At all times herein mentioned, Chicago Police Officer C. Iglesias, Star No. 7859, ("Iglesias") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

**ANSWER**:   Defendants admit the allegations contained in this paragraph.

13.   At all times herein mentioned, Chicago Police Officer J. M. Grubisic, Star No. 8775,("Grubisic") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

**ANSWER**:   Defendants admit the allegations contained in this paragraph.

14.   At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

**ANSWER**:   Defendants admit the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

15. On August 31, 2018, Plaintiff was lawfully located at or near 804 E. 79th Street, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER**: Defendant Officers Johnson, Jones, Myles and Davis admit that Plaintiff was located at 804 E. 79th St. but deny that Plaintiff was lawfully located at 804 E. 79th St. Answering further, upon information and belief, Defendant Officers Iglesias, Grubisic, Brown, Bruno, Padalino, and Chesna admit that Plaintiff was located at 804 E. 79th St. but deny that Plaintiff was lawfully located at 804 E. 79th St.

16. On that day and place Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic seized Plaintiff's person and subjected him to a custodial arrest.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

17. At the time of Plaintiff's seizure and arrest Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic were not aware of any facts that created probable cause to seize and/or arrest Plaintiff.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

18. On that date Plaintiff had not engaged in any criminal activity, or any action that created probable cause to seize and/or subject Plaintiff to a custodial arrest.

**ANSWER**: Defendant Officers Johnson, Jones, Myles and Davis deny the allegations contained in this paragraph. Answering further, upon information and belief, Defendant Officers Iglesias, Grubisic, Brown, Bruno, Padalino, and Chesna deny the allegations contained in this paragraph.

19. Despite the lack of probable cause Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic arrested Plaintiff and caused Plaintiff to be charged with a crime.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

20. Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic subjected Plaintiff to a custodial arrest based solely upon their own false allegations that Plaintiff had committed a crime.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

21. After subjecting Plaintiff to custodial arrest Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic caused Plaintiff to be charged with committing a crime.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

22.    As a result of Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic causing Plaintiff to be charged with a criminal offense Plaintiff was subjected to a legal process, criminal prosecution, pretrial detention, and/or deprivation of his liberty.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

23.    Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic knew that the criminal prosecution, pretrial detention and/or deprivation of Plaintiff's liberty was based solely upon their own false allegations that Plaintiff had committed a crime, and thus they knew Plaintiff's prosecution, pretrial detention, and/or deprivation of Plaintiff's liberty were not supported by probable cause.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

24.    On April 25, 2019, all charges against Plaintiff were dismissed by a Cook County Assistant State's Attorney via a motion to "nolle pros."

**ANSWER**:   Upon information and belief, Defendants admit the allegations in this paragraph.

25.    By reason of the above-described acts and omissions of Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

26.    The aforementioned acts of Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

27.    By reason of the above-described acts and omissions of Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT I
### Plaintiff against Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and Grubisic for
### UNREASONABLE SEIZURE

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-seven (27) hereat as though fully set forth at this place.

**ANSWER**: Defendants reassert their answers contained in the above paragraphs and incorporate their answers herein, as though fully stated.

29. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

30. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) The seizure and/or custodial arrest of Plaintiff was not supported by probable cause. These acts were in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT II
### Plaintiff against Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic For
### UNREASONABLE PRETRIAL DETENTION

31. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-seven (27) hereat as though fully set forth at this place.

**ANSWER**: Defendants reassert their answers contained in paragraphs one through twenty-seven and incorporate their answers herein, as though fully stated.

32. Defendants subjected Plaintiff to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

33. Defendants did not have probable cause to believe Plaintiff had committed an offense or cause him to be subjected to any pretrial restriction of his liberty.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

34. Defendants knew that Plaintiff's arrest, detention, and criminal prosecution were based solely upon Defendants' false allegation that Plaintiff had committed a crime.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

35. The criminal charge Defendants initiated against Plaintiff terminated in Plaintiff's favor when it was dismissed via a Cook County Assistant State's Attorney's motion to "nolle pros."

**ANSWER**: Defendants deny the allegations contained in this paragraph.

36. As a result of the foregoing, Plaintiff has sustained damage.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

37. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

38. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Causing Plaintiff to be subjected to pretrial detention that restrained his liberty without any probable cause for the detention was in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

### COUNT III
### Plaintiff against Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, Grubisic, and The City of Chicago For
### MALICIOUS PROSECUTION

39. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-seven (27) hereat as though fully alleged at this place.

**ANSWER**: Defendants reassert their answers contained in paragraphs one through twenty-seven and incorporate their answers herein, as though fully stated.

40. Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and Grubisic were employed by the City of Chicago, and maliciously commenced and/or caused to be continued criminal charges against Plaintiff.

**ANSWER**: Defendants admit they were employed by the City of Chicago, but deny the remaining allegations contained in this paragraph.

41. Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic initiated, facilitated, and/or continued this malicious prosecution by giving false police reports, and/or preparing and/or signing a false criminal complaint and/or giving false statements to prosecutors.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

42. Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic statement(s) in police reports, criminal complaints, and/or communication(s) to prosecutors that Plaintiff had committed a crime were false and made for the purpose of causing the initiation and/or continuation of the criminal prosecution of Plaintiff.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

43. Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic false statement(s) caused the criminal prosecution of Plaintiff to be commenced and/or continued.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

44. The criminal proceedings terminated in Plaintiff's favor on April 25, 2019, when all charges against Plaintiff were dismissed by a Cook County Assistant State's Attorney via a motion to "nolle pros."

**ANSWER**: Defendants admit that the criminal proceeding against Plaintiff was terminated in Plaintiff's favor on April 25, 2019 when the charge against him was "nolle prosed". Answering further, Defendants deny any and all allegations of wrongdoing.

45. As a result of being prosecuted for these crimes Plaintiff was injured emotionally, financially, and otherwise.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

46. The City of Chicago is liable to Plaintiff for the acts of Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, and/or Grubisic pursuant to the doctrine of *respondeat superior*.

**ANSWER**: Defendants deny that Plaintiff has accurately and/or fully stated the law regarding the doctrine of respondeat superior; therefore, Defendants deny the allegations contained in this paragraph.

47. Therefore, Chicago Police Officers Johnson, Bruno, Chesna, Brown, Jones, Padalino, Miles, Davis, Iglesias, Grubisic and the City of Chicago are liable under the

supplemental state law claim of Malicious Prosecution.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## **AFFIRMATIVE DEFENSES**

1. Defendants are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said Defendants could have believed their actions to be lawful, in light of clearly established law and the information that said Defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

2. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

3. To the extent any damages claimed by Plaintiff were proximately caused, in whole or in part, by Plaintiff's actions, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by a jury in this matter.

4. Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), Defendants are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2006).

5. As to any state law claim alleged by Plaintiff, a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202. Defendants are public employee and their respective acts and omissions rendered at all times material to the events alleged in Plaintiff's Complaint were neither willful nor wanton, thus, Defendants have immunity from Plaintiff's claims.

6. As to any state law claim alleged by Plaintiff, a public employee acting within the scope of his or her employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Defendants are public employee, who at all times material to the events alleged in Plaintiff's Complaint, acted within the scope of their employment and are, therefore, not liable for the acts or omissions of other people.

7. Defendants cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

8. To the extent Plaintiff asserts a federal malicious prosecution claim, such a claim may not

be cognizable. *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015); *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001).

9. As to any state law claim alleged by Plaintiff, Plaintiff is not entitled to attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, "attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

10. As to Plaintiff's state law claims, under the Illinois Tort Immunity Act, the Defendants are not liable for any of the claims alleged because a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (2014).

11. Defendant Officers are absolutely immune from civil liability for their testimony given in judicial proceedings in Plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325, 330-31, 103 S. Ct. 1108, 1113 (1983); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141- 42, 692 N.E.2d 347, 349-50 (3d Dist. 1998).

## JURY DEMAND

Defendants request a trial by jury for all issues so triable.

Respectfully submitted,

*/s/Laniya Moore*
Laniya Moore
Assistant Corporation Counsel III
Mark Winistofer
Assistant Corporation Counsel III
Max Boose
Assistant Corporation Counsel III
Allison Romelfanger
Assistant Corporation Counsel-Supervisor

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 742-3902
(312) 744-6566 (FAX)

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSHUA PAGE,** | ) | |
| | ) | **Case No. 19 CV 7431** |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **City of Chicago, and Chicago Police Officers** | ) | |
| **Edward Johnson, Star No. 9539, Anthony Bruno,** | ) | |
| **Star No. 12212, J.M. Chesna, Star No. 11881, C.** | ) | **JUDGE COLEMAN** |
| **A. Brown, Star No. 14136, T. S. Jones, Star No.** | ) | |
| **15380, M.A. Padalino, Star No. 15680, K.E. Miles** | ) | |
| **Star No. 16402, R.L. Davis, Star No. 18378, C.** | ) | |
| **Iglesias, Star No. 7859, and J.M. Grubisic,** | ) | |
| **Star No. 8775,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Garrett Browne
ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLEASE TAKE NOTICE** that on this 31st day of March 2020, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT OFFICERS' JOINT ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AT LAW, AFFIRMATIVE DEFENSES, AND JURY DEMAND**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 31st day of March 2020.

/s/Laniya Moore
Laniya Moore
Assistant Corporation Counsel III

11